

**SIGNED this 15th day of November, 2013.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-50438-CAG |
| | § | |
| TIOFILO F. MARTINEZ, III, | § | Chapter 13 |
| | § | |
| Debtor. | § | |

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

Debtor filed for bankruptcy under Chapter 13 on February 24, 2013. Although he filed a plan contemporaneously with his petition, he passed away on August 1, 2013, without obtaining confirmation. Debtor's attorney filed an Amended Plan (ECF No. 44) on October 9, 2013. At the confirmation hearing held on October 24, 2013, and October 28, 2013, the Court heard arguments regarding whether this Chapter 13 bankruptcy can continue despite Debtor's death.

11 U.S.C. § 1016 provides that a case may be dismissed in the event of a Debtor's death. Alternatively, § 1016 allows for the continuation of the case "if further administration is possible and in the best interest of the parties." Debtor's attorney urges this Court to continue Debtor's case because it is in the best interest of the parties. Particularly, Debtor's disabled adult son would benefit from the automatic stay as it protects a home that is renovated to accommodate his

special needs. The Trustee expressed doubt that it is possible to administer the case as there is no confirmed plan and the Amended Plan may not be confirmable.

Unfortunately, Debtor's case cannot continue pursuant to § 1016 because further administration is not possible. In Chapter 13, only the Debtor may propose a plan. *In re Ellsworth*, 455 B.R. 904, 916 (9th Cir. BAP 2011) (noting that, unlike in Chapter 11, in Chapter 13 the debtor "is the only entity that may file a plan."); *In re Muessel*, 292 B.R. 712, 715-16 (1st Cir. BAP 2003) (explaining that, in Chapter 13, only the debtor may propose a Chapter 13 plan or amend the plan prior to confirmation.); *In re Franklin*, 459 B.R. 463, 465 (Bankr. D. Nev. 2011) ("In Chapter 13, debtors have a monopoly on filing plans. 11 U.S.C. § 1321. No one else may file or amend a plan."); *In re Spiser*, 232 B.R. 669 (Bankr. N.D. Tex. 1999) (holding that deceased debtors' "estates, not being an 'individual' and, thus, not a 'debtor' in Chapter 13, cannot file a final plan."). Assuming that the Amended Plan is otherwise confirmable, it was not proposed by the Debtor himself. Furthermore, the benefits of Chapter 13 are personal to the debtor rather than the debtor's heirs and estate. *In re Shepherd*, 490 B.R. 338, 342 (Bankr. N.D. Ind. 2013). It is not appropriate to substitute a probate estate for a Chapter 13 debtor, nor is there any mechanism in bankruptcy law allowing for this. *Id.* at 490 B.R. 340-41.

This Court is sympathetic to Debtor's adult son's special needs, but it must function within the confines of the law. Unfortunately, Debtor's case cannot continue under § 1016 regardless of whether it is in the parties' best interest because further administration is not possible without a confirmed plan. Nor will it be possible to confirm a plan in the future without a living debtor to propose a plan. The Court is, therefore, of the opinion that the case should be dismissed due to Debtor's death pursuant to § 1016.

IT IS THEREFORE ORDERED that confirmation of the Chapter 13 plan is DENIED and Debtor's case is DISMISSED.

IT IS FURTHER ORDERED that a copy of this order will be served by the clerk's office upon all parties in interest in this case.

# # #